**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PIERO A. BUGONI,

    Petitioner,

-vs-                                                                   Case No.  8:15-CV-1800-T-36JSS

PAT FRANK, et al.,

    Respondents.
_____/

## ORDER

Before the Court is Petitioner's Emergency Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1).  The petition challenges a plea based conviction for possession of less than 20 grams of cannabis, a misdemeanor offense, in violation of Fla. Stat., Section 893.13(6)b, and entered in 2013 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, in case no. 13-cm-3214-A.  Petitioner contends that his conviction should be overturned because Section 893.13(6)(b) violates Article IV, Section I of the United States Constitution, since possession of cannabis is now legal in four states and the District of Columbia.

"Section 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court.'" *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a)).  The United States Supreme Court has interpreted § 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989).  It is clear from the petition that Petitioner was not in custody pursuant to the judgment of the State court in case no. 13-cm-3214-A at the time Petitioner filed the petition on August 3, 2015, because the sentence with respect to that conviction has long expired

(see Dkt. 1 at p. 4).[1] Accordingly, this Court is without jurisdiction to consider Petitioner's Section 2254 petition challenging that conviction. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988) (the "in custody" requirement of 28 U.S.C. § 2254(a) is jurisdictional).[2]

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED**.

2. The **Clerk** shall terminate all pending motions and close this case.

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the

---

[1] To the extent Petitioner implicitly contends that he is in custody for purposes of Section 2254 because the conviction is preventing him from obtaining employment with an unnamed company, the contention fails. *See Maleng*, 490 U.S. at 491-92 ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

[2] To the extent Petitioner is requesting the Court direct Respondents to expunge the possession of cannabis conviction from his criminal record, the request will be denied. "There is no specific constitutional or general statutory right to expungement." *United States v. Carson*, 366 F. Supp. 2d 1151, 1154 (M. D. Fla. 2004 (citing *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), cert. *denied*, 523 U.S. 1077 (1998). This Court's "privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Expungement of criminal records usually is granted only in "extreme circumstances." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (citation and internal quotation marks omitted). Petitioner has not alleged "extreme circumstances" warranting expungement. He has not alleged that he was wrongfully convicted or any State misconduct. Rather, he appears to contend that his conviction in Florida for possessing cannabis is unconstitutional under Article IV, Section I (the "Full Faith and Credit Clause") of the Constitution because four of the fifty states and the District of Columbia have recently legalized the possession of cannabis. The Full Faith and Credit Clause, however, "does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Franchise Tax Bd. v. Hyatt,* 538 U.S. 488, 494 (2003) (citations and internal quotation marks omitted). Florida is surely competent to legislate whether to prohibit possession of cannabis. Therefore, this is not a case that justifies the Court exercising whatever authority it has to expunge the criminal conviction from Petitioner's records.

Eleventh Circuit Court of Appeals. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Tampa, Florida on August 6, 2015.

*[signature]*
Charlene Edwards Honeywell
United States District Judge

Copy furnished to:

*Pro se* Petitioner